UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

QINGDAO LUYANG INTERNATIONAL TRADING        :
AND SHIPPING CO. LIMITED,                    :
                                             :
                    Plaintiff,               :        07 Civ. 9341 (SHS)
                                             :
      - against -                            :        ECF CASE
                                             :
PROSPER OCEAN (HONG KONG) SHIPPING,          :
LIMITED a/k/a PROSPER SHIPPING LIMITED.,     :
                                             :
                    Defendant.               :
------------------------------------------------------------------X

## AMENDED VERIFIED COMPLAINT

Plaintiff, QINGDAO LUYANG INTERNATIONAL TRADING AND SHIPPING CO.

LIMITED ("Qingdao" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon,

LLC, as and for its Amended Verified Complaint against the Defendant, PROSPER OCEAN

(HONG KONG) SHIPPING LIMITED a/k/a PROSPER SHIPPING LIMITED ("Prosper" or

"Defendant") alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.  Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under the laws of the People's Republic of China.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity organized and existing under foreign law.

4.     At all material times, Defendant was the Owner of the motor vessel "DONG
SHUN OCEAN" (hereinafter the "Vessel").

5.     By a charter party dated August 22, 2006, Plaintiff time-chartered the Vessel from
the Defendant for a "minimum 11 months up to maximum 13 months, exact period in Charterers'
option . . ."

6.     The Vessel was delivered to Plaintiff on September 4, 2006.

7.     During the course of the charter, disputes arose between the parties regarding the
under-performance of the Vessel pursuant to the terms of the charter party contract.

8.     Taking into account the under-performance of the Vessel, off-hire and other
expenses for Defendant's account, Plaintiff over-paid hire to Defendant in the amount of
$569,114.95. *See Hire Statement annexed hereto as Exhibit "1."*

9.     Despite due demand, Plaintiff failed to pay Defendant the above amount due and
owing under the charter party.

10.    In addition, disputes arose between the parties when Defendant wrongfully
withdrew the vessel in breach of the charter party contract on July 30, 2007.

11.    The Plaintiff is entitled to recover damages for the wrongful and illegal
withdrawal of the Vessel, being the difference between the rate of charter hire in the charter
party, and the prevailing market rate for chartering in a substitute ship for the balance of the
charter period (42 days).

12.    Pursuant to the Qingdao-Prosper charter party, the Plaintiff was paying hire
charges in the amount of $12,260.00 per day.

13.    At the time of the withdrawal, the prevailing market rate for chartering in a
substitute ship was $20,000.00 per day.

2

14.     Thus, applying the above rate, Plaintiff is entitled to recover $325,080 which equals the difference between the two chartering rates, $20,000.00 and $12,260, multiplied by the 42 days remaining in the charter.

15.     In the alternative, Plaintiff reserves its right to claim its lost profits as a result of the wrongful withdrawal of the Vessel.

16.     Had the Vessel not been wrongfully withdrawn, the Plaintiff would have earned $4,340.00 per day pursuant to a sub-charter with non-party, Bobae Shipping Co. Ltd., which specified a hire rate of $16,600.00 per day.

17.     As a result of Defendant's breaches of charter party contract, including the underperformance and wrongful withdrawal of the Vessel, Plaintiff has and/or will sustain damages in the principal amount of $894,194.95, exclusive of interest, arbitration costs and attorneys fees.

18.     Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English Law to apply.

19.     Despite due demand, Defendant has failed and/or refused to pay Plaintiff's Damages.

20.     Plaintiff has commenced Hong Kong arbitration proceedings against Defendant on its claims.

21.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claims: | |
| | Underperformance claim: | $569,114.95 |
| | Damages from Wrongful withdrawal: | $325,080.00 |
| | | |
| B. | Interest on claims: | |
| | 3 years at 8.25%, compounded quarterly | $248,227.26 |

| | | |
|---|---|---|
| C. | Estimated attorneys' fees and arbitration costs: | $250,000.00 |

**Total**                                                                $1,392,422.21

22.     Please find attached hereto as Exhibit "2" Plaintiff's estimates and actual costs incurred to date based on arbitration in Hong Kong.

23.     Plaintiff subsequently arrested Defendant's Vessel in relation to the claims listed above and obtained security for its principal claim(s) in the amount of $894,195.00.

24.     Thus, Plaintiff's request for security herein has been reduced accordingly to **$498,227.21.**

25.     Despite due demand, the Defendant has failed and/or refused to secure this portion of Plaintiff's claim.

26.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

27.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

4

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.      That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$498,227.21** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

G.      That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

5

Dated: February 22, 2008
New York, NY

The Plaintiff,
QINGDAO LUYANG INTERNATIONAL TRADING
AND SHIPPING CO. LIMITED

By: _____
Nancy R. Peterson
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York          )
                           )     ss.:     City of New York
County of New York         )

1.    My name is Nancy R. Peterson.

2.    I am over 18 years of age, of sound mind, capable of making this Verification,

and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.    I have read the foregoing Amended Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        February 22, 2008
              New York, NY

                                        _____
                                        Nancy R. Peterson

7

EXHIBIT "1"



# LUYANG (HK) GROUP LIMITED

Tel:86-532-86679237 Fax:86-532-86679230 ADD:Rm 2506,Merchant Bank Tower, No.36,Xianggangzhong Road, QingDao China

## HIRE STATEMENT/MV DONG SHUN OCEAN

| VESSEL: | DONG SHUN OCEAN | | DATE: | |
|---|---|---|---|---|
| OWNERS: | PROSPER SHIPG | | | |
| CHARTERERS: | LUYANG (HK) GROUP LIMITED | | | |
| DELIVERY: | 2006/9/4 14:00 | DLOSP CJK | TIME: | GMT |
| TIME TO: | 2007/7/30 14:00 | * appx time | | |

| DESCRIPTION | | | CHRS | OWRS |
|---|---|---|---|---|
| **1. HIRE** | | | | 3,689,883.06 |
| NET DAILY HIRE | 11,800 | DIOT | | |
| DURATION | 329 | DAYS | | |
| OFF-HIRE 1: | 8.1515558 | DAYS | | |
| OFF-HIRE 2: | 8.14649 | DAYS | | |
| NET DURATION | 312.7019542 | DAYS | | |
| **2. BUNKER:** | | | | |
| BOD | QTTY | USD/MT | | |
| IFO (MT) | 520.21 | 375 | | 195,078.75 |
| MDO (MT) | 73.33 | 660 | | 48,397.80 |
| REFUND DURING OFF-HIRE | | | | |
| IFO (MT) | 27,484 | 375 | 10,306.50 | |
| MDO (MT) | 62.342 | 660 | 41,145.72 | |
| EST BOR | | | | |
| IFO (MT) | 520.21 | 375 | 195,078.75 | |
| MDO (MT) | 73.33 | 660 | 48,397.80 | |
| **3. C/E/V** | 1,200 | FMPR | | 12,508.08 |
| **4. ON-HIRE SURVEY** | | | 165.00 | |
| **5. 50% TNNG DUES TO OWR** | | | | 2,450.00 |
| **6.1 OWRS EXPENSE V-1** | | | 1,537.50 | |
| 6.2 OWRS EXPENSE V-2: | KAKINADA COURRIER (USD321.57) | | 329.61 | |
| | SHIP SPARE PARTS (USD555.56) | | 569.45 | |
| | SUPPLY OF KAKI BAY CHART+COURRIER CHTGS+S.TAX (U | | 129.12 | |
| | DURBAN OWRS EXPENSE (USD646.78) | | 662.95 | |
| | CTM USD5000 AT PHC | | 5,125.00 | |
| **7. INTER-MED HOLD CLEANING** | | | | |
| V-1: SIKKA | | | | 2,500.00 |
| V-2: PHC | | | | 2,500.00 |

| | | |
|---|---|---|
| V-3: ROSARIO | | 2,500.00 |
| V-4 | | 2,500.00 |
| V-5 | | 2,500.00 |
| V-6 | | 2,500.00 |
| | | |
| 7. CHTRS DEPOSIT 30DAYS HIRE | | 354,000.00 |
| REFUND OF CHTRS DEPOSIT | 354,000.00 | |
| | | |
| 8.1 CHTRS 1ST PAYMENT | 777,361.55 | |
| 8.2 CHTRS 2ND PAYMENT | 177,600.00 | |
| 8.3 CHTRS 3RD PAYMENT | 176,062.50 | |
| 8.4 CHTRS 4TH PAYMENT | 180,100.00 | |
| 8.5 CHTRS 5TH PAYMENT | 177,600.00 | |
| 8.6 CHTRS 6TH PAYMENT | 176,811.00 | |
| 8.7 CHTRS 7TH PAYMENT | 177,600.00 | |
| 8.8 CHTRS 8TH PAYMENT | 177,600.00 | |
| 8.9 CHTRS 9TH PAYMENT | 136,828.90 | |
| 8.9 (2) CHTRS 9TH PAYMENT | 37,868.97 | |
| 8.10 CHTRS 10TH PAYMENT | 180,100.00 | |
| 8.11 CHTRS 11TH PAYMENT | 87,395.64 | |
| 8.12 CHTRS 12TH PAYMENT | 143,267.72 | |
| 8.13 CHTRS 13TH PAYMENT | 177,600.00 | |
| 8.14 CHTRS 14TH PAYMENT | 144,800.00 | |
| 8.15 CHTRS 15TH PAYMENT | 164,375.27 | |
| 8.16 CHTRS 16TH PAYMENT | 177,600.00 | |
| 8.16 CHTRS 17TH PAYMENT (2) | 16,660.00 | |
| 8.17 CHTRS 17TH PAYMENT | 180,100.00 | |
| 8.18 CHTRS 18TH PAYMENT | 177,100.00 | |
| 8.18 CHTRS 19TH PAYMENT | 180,100.00 | |
| 8.18 CHTRS 20TH PAYMENT | 177,600.00 | |
| 8.19 CHTRS 22TH PAYMENT | 177,600.00 | |
| | | |
| 10.1 CTM USD25000 PLUS ESTIMATED USD1500 PLUS COMM | 27,162.50 | |
| 10.2 CTM AT SANTOS USD772 PLUS ESTIMATED EXPENSE PLUS COMM | 820.00 | |
| 10.3 OWRS DISBURSEMENT:DERATING CERTI ISSUED AT SANTOS V-I | 494.05 | |
| DHL COURIER FOR OWRS ITEMS AT SANTOS V-I | 48.18 | |
| 10.4 CTM USD20000 AT CHILE | 20,500.00 | |
| 10.5 HUACHIPATO FW, ISPS V-5 | 228.96 | |

| | | | |
|---|---|---|---|
| | **TOTAL** | 4,886,432.64 | 4,317,317.69 |
| **IN OWRS FAVOUR** | | | **-569,114.95** |
| | | | **E.&O.E** |

**REMARKS:**
V-1: SHANGHAI-KARACHI & SIKKA
V-2: KAKINADA-LAGOS & PHC

```
OFF HIRE 1 DURING V-2: TTL 8.151555&DAYS
1) UNDER PERFORMANCE: 25.2 HOURS/1.05DAYS
OVER CONSUMPTION: IFO 14.474MT & MGO 2.542MT
2) CRANE DEFECT AT LAGOS
15/12 1200-1315HRS HATCH 5 CRANE DEFECT/0.0130208DAYS
MGO: 0.7MT*0.0130208DAYS/0.009MT
3) DISPUTS BTW CREWS + STEVEDORES (PHC)
05/01/07 1530-1615HRS/0.015625DAYS
```

EXHIBIT "2"

## WITHOUT PREJUDICE

### Breakdown of Legal Costs

<u>Quantum</u>

|  |  |  | US$ |
|---|---|---|---|
| 1. | Charge out rates :- |  |  |

Partner - HK$4,200 = US$540
Associate - HK$3,100 = US$400

2. Costs to date :-

HK$377,700 + HK$9,660 = HK$386,600                         49,571.79

<u>Attendances to an Award</u>

| | | US$ |
|---|---|---|
| 3. | All pleadings (Drafting and review) :- | |

Partner - 5 hours @ US$540                          2,700.00
Associate - 25 hours @ US$400                       10,000.00

4. Disclosure :-

   (1)  Claimants' disclosure :
      Partner - 5 hours @ US$540                          2,700.00
      Associate - 15 hours @ US$400                       6,000.00

   (2)  Respondents' disclosure :
      Partner - 5 hours @ US$540                          2,700.00
      Associate - 15 hours @ US$400                       6,000.00

5. Attendances/correspondence with clients, experts and counsel :-

Partner - 15 hours @ US$540
Associate - 60 hours @ US$400                        8,100.00
                                      24,000.00

2

## WITHOUT PREJUDICE

| | | |
|---|---|---:|
| 6. | Attendances/correspondence with Respondents' solicitors and third parties :- | |
| | Partner - 5 hours @ US$540 | 2,700.00 |
| | Associate - 20 hours @ US$400 | 8,000.00 |
| 7. | Factual evidence - Obtaining and settling witness statements :- | |
| | Partner - 10 hours @ US$540 | 5,400.00 |
| | Associate - 32 hours @ US$400 | 12,800.00 |
| 8. | Expert's fees - Expert opinions/evidence on market rates :- | |
| | GBP10,000 @ US$2.05 | 20,500.00 |
| 9. | Briefing Counsel :- | |
| | GBP25,000 @ US$2.05 | 51,250.00 |
| 10. | Counsel at hearing (estimated 5 day hearing) | |
| | GBP3,500 x 4 = GBP14,000 @ US$2.05 | 28,700.00 |
| 11. | Travel expenses | 10,000.00 |
| 12. | Incidental expenses and disbursements | 15,000.00 |

**TOTAL:**

**US$266,121.79**